# CV 12 5596

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————

ESTHER REIZES on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

        -against-

PERFORMANT RECOVERY, INC.
f/k/a DIVERSIFIED COLLECTION SERVICES, INC.

                  Defendant.

————————————————————

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 13 2012 ★

LONG ISLAND OFFICE

## WEINSTEIN J

### J. ORENSTEIN, M.J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Esther Reizes seeks redress for the illegal practices of Performant Recovery, Inc. f/k/a Diversified Collection Services, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.   Upon information and belief, Defendant's principal place of business is located within Livermore, California.

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Esther Reizes

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  On or about November 1, 2012, Rachel Jacobs, a representative of Performant Recovery, Inc. called and left a message with a third party, the Plaintiff's brother.

12.  The representative asked the third party to give the Plaintiff a message that she call back Rachel at Performant Recovery, Inc., 800-927-7667 ext. 7844.

13.  On or about November 5, 2012, Rachel Jacobs, of Performant Recovery, Inc. left a message with a third party, the Plaintiff's sister.

14.  Rachel asked the third party to give the Plaintiff a message that she call back Performant Recovery, Inc., saying: "it's very important."

-2-

The said representative also left a message with Plaintiff's Father on November 5, 2012 saying the message is "very important" and for Plaintiff to call back.

16.   In addition, the representative also contacted the Plaintiff's workplace on the same day and spoke with a co-worker informing the third party that she was seeking information, and Rachel then went on to leave a message with the third party for the Plaintiff to call back.

While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  See e.g. Carman v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011).  (It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).), Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and  West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough

-3-

information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent."**) (emphasis added),  See Krapf v. Collectors Training Institute of Illinois, Inc, (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § § 1692(b), 1692(c)(b), and 1692(d).), West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of §

1692c(b).), Romano v. Williams & Fudge, Inc., (644 F. Supp. 2d 653 - Dist. Court, WD

Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist.

Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned

Plaintiff's neighbor leaving collector's name and telephone number and asking the

neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).),

Thomas v. Consumer Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED

Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court,

WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only

those third-party communications in which some information about the debt is actually

disclosed because that reading would render § 1692(b) superfluous.), Blair v. Sherman

Acquisition, (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998

F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must

be considered and each term must be interpreted equally, so as not to deflect from the

meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must

be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt

collector from conveying any information to a third party that concerns a debt (except

for the purpose of obtaining location information as permitted under § 1692(b).), Mathis

v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide

Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("`Other than to

obtain location information, a debt collector may not contact third persons such as a

consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate

collection practices and result in serious invasions of privacy, as well as the loss of

-5-

jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998)

(quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699),

Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010

quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.)

(Contact with a third party that did not involve an inquiry into Plaintiff's location

information, but rather, revealed that Plaintiff had a "business matter." stated a claim

under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant

contacted a third party to relay about a "very important" matter regarding the Plaintiff.

Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and

1692(d).)

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI

claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40

COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT

COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist.

Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v.

Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit,

998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the

word "communication," similar to that advanced by NCO in this case. The Plaintiff in

West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor.

Defendants argued that a debt collector's phone call informing a neighbor that he had a

"very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no

information was actually conveyed about Plaintiffs debt. The West court rejected this

-6-

narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644.  In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).)  In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.*  "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.*  This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b).  See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the 15

-7-

U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt collector may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate 15 U.S.C. § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).), Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's

-8-

alleged arrearage.), <u>Wideman v. Monterey Fin. Servs.</u>, 2009 U.S. Dist. LEXIS 38824
(Finding that the messages left by the Defendant constituted "communications" even
though they did not technically mention any information about the debt and stated a
claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining
location information which is the only permissible communication with third parties
under the FDCPA, quoting <u>West v. Nationwide Credit, Inc.</u>, 998 F. Supp. 642, 644-45
(W.D.N.C. 1998); also quoting <u>Belin v. Litton Loan Servicing, LP</u>, 2006 U.S. Dist.
LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006). (Which found that
the message was a communication under the FDCPA even though it was not disclosed
that it came from a debt collector where the name of the company was referenced,
directions to return the call were given, and the purpose of the message was to induce
the debtor to return the call.), <u>Shand-Pistilli v. Professional Account Servs., Inc.</u>, 2010
WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that
Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's
inquiry went beyond the boundaries of location information. A debt collector may not
seek additional information about a consumer because such information is beyond the
scope of location information.), <u>Gburek v. Litton Loan Servicing LP</u>, 614 F.3d 380 (7th
Cir. 2010.) (A "communication" need not refer to the debt."), <u>Edwards v. Niagra Credit
Solutions, Inc.</u>, 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the
telephone message at issue, which referenced an "important" matter, contained
information regarding a file number and whom to contact, and was left for the purpose
of collecting the debt, indirectly conveyed information concerning the debt and,

-9-

therefore, met the statutory definition of a "communication"), <u>Ramirez v. Apex</u>

<u>Financial Management, LLC,</u> 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that

the message was an indirect communication regarding the Plaintiff's debt where it

conveyed pertinent information including the fact that there was a matter he should

attend to and instructions on how to do so.), <u>Hosseinzadeh v. M.R.S. Associates, Inc.,</u>

387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the

Defendant constituted "communications" even though they did not technically mention

specific information about the debt.), <u>Belin v. Litton Loan Servicing, LP,</u> 2006 U.S.

Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that

the message was a communication under the FDCPA even though it was not disclosed

that it came from a debt collector where the name of the company was referenced,

directions to return the call were given, and the purpose of the message was to induce

the debtor to return the call.), <u>Shaver v. Trauner,</u> 97-1309, 1998 U.S.Dist. LEXIS 19648

(C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt

collector to contact third parties is to obtain: "location information about the consumer."

15 U.S.C. § 1692(b). On its face, a communication to someone other than those

enumerated in the statute, and which offers or seeks information not limited to "location

information." would be unlawful (class and adoption of denial of motion to dismiss.)

1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of

motion to dismiss), <u>Smith v. NCO Fin. Sys.,</u> 2009 U.S. Dist. LEXIS 51576 (E.D. Pa.

June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating

with anyone other than the consumer and the only exception to this broad proscription is

-10-

that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

17.   Said messages were in violation of 15 U.S.C. §§ 1692c(b) and 1692d for leaving a messages with unauthorized third parties.

18.   On or about November 1, 2012 and November 5, 2012, Performant Recovery, Inc. telephoned the Plaintiff Esther Reizes and utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (347) telephone area code.

19.   When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (347) area code.

20.   The Defendant's representatives were not located within the (347) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

21.   The Defendant's use of this machinery was deceptive in that the Defendant does not

-11-

reside or have offices within the (347) area code.

22.    The Defendant's actions violate 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14) 1692d, 1692d(6) and 1692f.

(See also FTC v. EMC Mortgage Corp. et. al. (USDC-EDTX –Sept. 9, 2008 ". . .in numerous instances, EMC has made collection calls using cell phones that display only the borrower's local area code on the borrower's caller identification display ("caller ID"), and without identifying its name on the caller ID. EMC has used cell phones and caller ID in this fashion notwithstanding that EMC was not calling from the borrower's local area code. -- See also The 2008 FTC Workshop Report "Debt collectors who convey false or misleading information (either telephone numbers) to consumers through Caller ID violate the FDCPA and Section 5 of the FTC Act. Prior private actions indicate that a debt collector who makes a false or misleading representation in this context violates the FDCPA. The Commission has affirmed that this practice violates both the FDCPA and Section 5.")

23.    The Defendant's automatic telephone dialer system contains a function that projects a false caller ID number onto the caller's Caller ID unit.

24.    The Defendant utilized this dialer function and projected a false caller ID number onto the Plaintiff's Caller ID display.

25.    The number projected began with a (347) area code and was projected by Defendant's dialer to give the Plaintiff the false impression that the Defendant was located physically close to the Plaintiff.

26.    Upon information and belief, Defendant Performant Recovery, Inc. used its Dialer to

-12-

dial Plaintiff's wireless phone number for each of those calls.

27. Performant Recovery, Inc. manipulated the caller ID for these calls and calls that were dialed manually.

28. For some of the calls, Performant Recovery, Inc. manipulated the caller ID so that it showed that the call was coming from New York.

29. For each of these calls, the second line of the caller ID indicated that the calls were coming from the 347 area code, which is a local area code.

30. Upon information and belief, Performant Recovery, Inc. does not have any offices within the geographical 347 area code.

31. Upon information and belief, Performant Recovery, Inc. does not have any dialer located in New York.

In fact, the representative deceptively informed the Plaintiff that she was calling from "long-distance."

33. The said communication is unlawful under the FDCPA and in direct violation of Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006).

34. In addition, 15 U.S.C. § 1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Except as provided in section [1692b] of this title, the placement of telephone calls

without meaningful disclosure of the caller's identity.

35.     Defendant's voice messages were "communications" for purposes of debt collection
        within the meaning of the FDCPA, and Defendant was required to make the disclosures
        required by 15 U.S.C. §§ 1692d(6) and 1692e(11).

        Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009), Ramirez v.
        Apex Fin. Mgt., LLC,567 F. Supp. 2d 1035 (N.D. Ill.2008), Foti v. NCO Financial
        Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006), Hosseinzadeh v. M.R.S. Associates,
        Inc., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005), Joseph v. J. J. MacIntyre Cos.,
        281 F.Supp.2d 1156 (N.D.Cal. 2003), Leyse v. Corporate Collection Servs., 03 Civ.
        8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18,2006), Stinson v. Asset
        Acceptance, LLC, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D.
        Va., June 12, 2006), Belin v. Litton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006
        U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

36.     Misrepresentations to the recipient of a debt collection call in connection with collection
        of a debt, violates numerous sections of the FDCPA, including section 1692e.

37.     Manipulating the caller ID for collection calls is a violation of 15 U.S.C. §1692e.
        The said telephone messages are in violation of the Fair Debt Collection Practices Act,
        15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herelf and the members of a class, as against the Defendant.*

39.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

40.  This cause of action is brought on behalf of Plaintiff and the members of two classes.

41.  Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone calls were placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (b) the Plaintiff asserts that the telephone messages were in violation 15 U.S.C. §§ 1692c(b) and 1692d.

Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; and (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (b) that the telephone messages were in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14) 1692d, 1692d(6) and 1692f, for caller ID manipulation.

43.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a)  Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

44.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

-16-

45.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Collection attempts, such as those made by the Defendant are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

48.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the

circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of New York General Business Law § 349 brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

49.    Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing

relevant paragraphs as if set forth fully in this cause of action.

-17-

50.     Under New York General Business Law § 349, deceptive acts or practices in the

        conduct of any business conducted in the State of New York are unlawful.

        GBL § 349 provides in relevant part as follows:

        A. Deceptive acts or practices in the conduct of any business, trade or commerce or in

        the furnishing of any service in this state are hereby declared unlawful.

        H. In addition to the right of action granted to the attorney general pursuant to this

        section, any person who has been injured by reason of any violation of this section may

        bring an action in his own name to enjoin such unlawful act or practice, an action to

        recover his actual damages or fifty dollars, whichever is greater, or both such actions.

        The court may, in its discretion, increase the award of damages to an amount not to

        exceed three times the actual damages up to one thousand dollars, if the court finds the

        Defendant willfully or knowingly violated this section. The court may award reasonable

        attorney's fees to a prevailing Plaintiff.

51.     Defendant's actions as detailed above violate the New York General Business Law

        Section 349 et seq. in that the Defendant Performant Recovery, Inc. utilized machinery

        that falsely indicated to the Plaintiff that the telephone call was coming from someplace

        within the (347) telephone area code.

        When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely

        indicated that the call was originating from some place within the (347) area code.

53.     The Defendant's representatives were not located within the (347) area code when

        calling.

54.     The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not

-18-

meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year.

56.    As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

57.    The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy and acting unfairly and deceptively towards Plaintiff.

58.    The Plaintiff requests that the Court issue an injunction prohibiting the Defendant from telephoning the Plaintiff and New York consumers, and causing deceptive information to appear on the Plaintiff's caller ID unit.

59.    By unlawfully pretending that Defendant was in a (347) area code when calling, Defendant has committed materially misleading unfair and deceptive consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress.

60.    Upon information and belief, Defendant regularly utilizes deceptive practices as described above in an attempt to collect consumer debts.

61.    Defendant's actions have a broad impact on New York consumers at large.

62.    As a direct and proximate result of Defendant's deceptive acts and practices, committed in willful and knowing violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's deceptive collection

-19-

practices.

63. Defendant is liable to Plaintiff for violations of GBL § 349.

64. This cause of action is brought on behalf of Plaintiff and the members of a class.

65. The Class consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message or that an attempt was made to contact the class member where the caller ID was manipulated in a deceptive fashion from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and that Plaintiff asserts that the telephone message or attempt was in violation of GBL 349.

66. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (C)    The only individual issue is the identification of the consumers who received the telephone calls, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

    (D)    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

67.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

68.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

69.   Because the Defendant violated GBL 349, the Plaintiff and the members of the class are entitled to damages in accordance with the said provision.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the Defendant and award damages as follows:

Damages; Attorney fees, litigation expenses and costs incurred in bringing this action;

And any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 7, 2012

-21-

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

...i requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-22-